## CHAMPOMIER *v.* WASHINGTON.

To relieve an appellant from the consequences of his omission to file the record of appeal in time, on the ground that it was not filed through the mistake or misconduct of the clerk, a strong and clear case must be made out. The testimony of the counsel for the appellant that he was under the impression that the record had been filed, and that he had given to

the clerk the name of a person, as surety for the costs, with whom the clerk was satisfied, in the absence of any proof of the waiver by the clerk of a written bond for the costs, is not sufficient proof of a compliance by the appellant with the rule of court as to security for costs, or of a violation of duty on the part of the clerk in omitting to file the appeal.

CHAMPOMIER
v.
WASHINGTON.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Benjamin*, for the plaintiff. *Peyton* and *I. W. Smith*, for the appellant. The judgment of the court was pronounced by

KING, J. The order of appeal in this case made the appeal returnable on the first monday of May, 1845. The transcript was not filed until November 30, 1846. On the 22d May, 1846, the plaintiff obtained a certificate that the record had not been filed, which he filed in the court below, and obtained execution. The appellant has endeavored to relieve himself from the consequences of the omission to file the record, by the testimony of his counsel as to what occurred between himself and the clerk of the Supreme Court, now deceased. It appears by this testimony that the counsel was under the impression that the transcript had been filed; but, on the other hand, the conduct of the clerk is a tacit proof of his unwillingness to file it. The whole difficulty is solved by supposing that the clerk waited until security for costs should be furnished in writing, as provided by the rule of the court, which was not done. It does not appear that the clerk expressly waived a written bond for costs, though satisfied with the name proposed. See rule 13th April, 1814. A very strong and clear case should be made out to authorise us to relieve an appellant from the consequences of his omission to file the record in time. The records of the court must speak for themselves; and, if we are permitted to look behind them, and to correct them, the mistake of the officer must be established beyond all possibility of doubt. The clerk in question is dead, and we cannot say, upon the evidence adduced, that he violated his oath of office in omitting to file this transcript. By reason of the omission to file the record in time, and the taking out of a certificate to that effect by the appellee, the appeal is in law abandoned. C. P. 594.

Besides these considerations we must add, that our power to correct the records of the former Supreme Court, is, to say the least, very questionable.

The case is not before us; and the application made on the 1st May, 1847, for an order directing the clerk to make an endorsement of filing *nunc pro tunc,* and for other relief as set forth in said application, is dismissed.