Argued April 2, reversed April 28, rehearing denied June 2, 1914.

## WOODLE *v.* SETTLEMYER.

(141 Pac. 205.)

**Appeal and Error—Justices of the Peace—Liability on Appeal Bond.**

An undertaking on appeal from a justice of the peace is to be construed strictly in favor of the surety, and, where it is conditioned that the appellant will pay all costs and disbursements that may be awarded against him on the appeal, and satisfy any judgment that may be given against him in the appellate court, and the appeal is abandoned and no judgment is rendered in the appellate court, the surety is not liable.

[As to liability of sureties on appeal bonds, see note in 38 Am. St. Rep. 702.]

From Multnomah: ROBERT G. MORROW, Judge.

This is an action by Claude P. Woodle against George T. Settlemyer on an undertaking for an appeal and for a stay of proceedings. The facts are set forth in the opinion of the court.

REVERSED WITH DIRECTIONS.

For appellant there was a brief over the name of *Messrs. Kimball & Ringo,* with an oral argument by *Mr. Ernest R. Ringo.*

For respondent there was a brief over the names of *Messrs. Christopherson & Matthews* and *Mr. Claude W. Devore,* with an oral argument by *Mr. Q. L. Matthews.*

Department 1. Mr. Justice Ramsey delivered the opinion of the court.

On the 5th day of December, 1912, the plaintiff recovered against W. H. Harrington, in the justice's court for the district of Portland, in Multnomah County, a judgment for the sum of $150, with interest thereon at the rate of 6 per cent per annum from July 27, 1912, and the further sum of $12.50 for costs of said action.

On the 26th day of December, 1912, the plaintiff caused an execution to be issued upon said judgment, and placed the same in the hands of the constable of said Portland district for service. Said constable, by virtue of said writ, levied upon certain property of said Harrington, consisting of horses, wagons, and wood, to satisfy said writ of execution.

On the 31st day of December, 1912, the said judgment debtor, W. H. Harrington, gave notice of an appeal from said judgment to the Circuit Court of Multnomah County. Said notice was duly served, and then filed with the clerk of said justice's court, with the proof of service thereof. Thereafter, on said 31st day of December, 1912, the said W. H. Harrington, for the purpose of perfecting said appeal and staying the execution of said judgment, during the pendency of said appeal, filed in said justice's court his undertaking for the appeal, with George T. Settlemyer, the defendant herein, as surety. The following is a copy of said undertaking:

"Whereas, the above-named plaintiff recovered a judgment against the defendant W. H. Harrington, the defendant herein, for one hundred fifty dollars and interest thereon from July 27, 1912, and costs and disbursements in a civil action tried before Justice Bell, a justice of the peace in and for said district, and said judgment having been rendered on the 5th day of December, A. D. 1912; and whereas the said W. H. Harrington is about to appeal from said judgment to the Circuit Court of the State of Oregon, for the County of Multnomah:

"Now, therefore, we, W. H. Harrington, appellant, and G. T. Settlemyer, of the County of Multnomah, State of Oregon, surety, undertake that said appellant will pay all costs and disbursements that may be awarded against him on the appeal, and that said appellant will satisfy any judgment that may be given against him in the appellate court, on the appeal.

"[Signed]    W. H. HARRINGTON,
"GEO. T. SETTLEMYER."

The plaintiff excepted to the sufficiency of the surety on said undertaking on January 2, 1913, and it does not appear that he justified or that any new undertaking was given. No transcript in said action was filed in the Circuit Court of Multnomah County, and said appeal was abandoned, and no judgment or order was ever made by said Circuit Court in relation to said action, on said supposed appeal. Said justice's court did not make any order allowing said appeal or staying proceedings therein. The docket of said court shows that an execution in said cause was issued December 26, 1912, but it fails to show that it was returned.

Before the commencement of this action, the plaintiff demanded of George T. Settlemyer and W. H. Harrington that they pay said judgment rendered in said justice's court; but they refused to pay it, and said judgment is wholly unpaid.

The complaint in this cause alleges most of the facts above stated, and it alleges also that, in consideration of the execution and filing of said undertaking for the appeal and for a stay of proceedings in said cause, the constable of said district released from the levy in said cause all property that had been attached or levied upon therein.

The complaint alleges also that W. H. Harrington is insolvent and has left the state, and has no property out of which said judgment could be made.

The answer denies most of the allegations of the complaint, and sets up affirmatively, in substance, that no judgment of any kind was ever rendered or entered in said action in the Circuit Court of Multnomah County, on said appeal, against either said W. H. Harrington or George T. Settlemyer, for any sum or for any purpose, and that the execution in said cause issued out of said justice's court was not in any manner stayed.

The reply admitted the affirmative matter of said answer, excepting that part thereof relating to the stay of execution, and denied that said execution had not been stayed. This cause was tried without a jury, and findings and a judgment for the amount demanded by the complaint were rendered in favor of the plaintiff.

When all the evidence for the plaintiff was in, the defendant moved for a judgment of nonsuit; but the court below denied this motion. When the trial began in the court below, the defendant objected to the admission of any evidence, for the reason that the complaint does not state facts sufficient to constitute a cause of action. Said objection was overruled, and the defendant excepted to said ruling. There is no disagreement as to the material facts in this case.

As stated *supra,* the plaintiff obtained a judgment in the justice's court against W. H. Harrington, and the latter gave notice of an appeal to the Circuit Court, and filed an undertaking in due form for the appeal, and for a stay of proceedings. The plaintiff filed exceptions to the sufficiency of the surety on the said undertaking, and the surety failed to justify. No new undertaking was filed. The defendant failed to file a transcript of said cause in the appellate court, and the appellate court never gave or entered any judgment of any kind in said cause. In fact, said cause was never in the appellate court for any purpose. Before beginning this action, the plaintiff demanded of the defendant that the latter pay said judgment rendered in said justice's court, and the defendant refused to pay said judgment.

The court below made no finding as to the release of the property of said Harrington by the constable, or as to the exceptions to the sufficiency of the surety on said undertaking, and we will not consider those matters; but, in the view that we take of the case, those facts would not materially affect the decision, if there were findings thereon.

1. The undertaking for the appeal is in proper form, and the promissory part thereof is as follows:

"Now, therefore, we, W. H. Harrington, appellant, and G. T. Settlemyer, of the county of Multnomah, State of Oregon, surety, undertake that said appellant will pay all costs and disbursements that may be awarded against him on the appeal, and that said appellant will satisfy any judgment that may be given against him in the appellate court on the appeal."

It is to be noted at the beginning that the surety on said undertaking promises two things: (a) That the appellant will pay all costs and disbursements *that may be awarded against him on the appeal;* (b) and

that said appellant will satisfy any judgment *that may be given against him in the appellate court on the appeal.*

The evidence shows that the appeal was abandoned, and there is no claim on the part of the plaintiff that the Circuit Court of Multnomah County ever had said appeal before it for any purpose or rendered any judgment or order of any kind in relation thereto. We assume that said appeal was not in the appellate court at all, and that the appellate court never awarded any costs or disbursements against the said appellant, Harrington, and that said appellate court did not give or enter any judgment against him on said abandoned appeal. Under such a state of facts, can the plaintiff, Woodle, maintain an action against the defendant, Settlemyer, as surety on said undertaking?

32 Cyc., page 73, says:

"Sureties are said to be favorites of the law, and a contract of suretyship must be strictly construed to impose upon the surety only those burdens clearly within its terms, and must not be extended by implication or presumption. This rule is followed both at law and in equity."

2 Brandt, Suretyship and Guaranty (3 ed.), Section 513, says:

"Sureties on an appeal bond are bound *only according to the terms of their contract.* An appeal bond from a judgment rendered by a justice of the peace provided that, if the parties appealing should pay and satisfy whatever judgment might be rendered by the Circuit Court of *Hancock County* upon the dismissal or trial of the appeal, then the obligation should be void. * * The venue in the case was changed from *Hancock County* to *another county,* and a judgment was there rendered against the party appealing. Held, the surety was not liable on the bond."

In *Phoenix Manuf. Co.* v. *Borgardus,* 231 Ill. 531 (83 N. E. 285), the court says:

"The law is well settled that the undertaking of a surety is to be strictly construed, and his liability not to be extended by construction."

In *State of Maryland* v. *Dayton,* 101 Md. 598 (61 Atl. 624), the court says:

"As to the general principle applicable to a case of this kind there can be no question. 'It is familiar law that the contract of sureties upon an official bond is subject to the strictest interpretation. They undertake for nothing which is not within the strict letter of their contract. The obligation is *strictissimi juris,* and nothing is to be taken by construction against the obligors. They have consented to be bound to a certain extent only, and their liability must be found within the terms of that consent.' "

In *Kirschbaum & Co.* v. *Blair,* 98 Va. 35 (34 S. E. 895), part of the syllabus is:

"But, having ascertained what the contract is, he is bound by this alone. There is no implied liability resting on him. His liability is always *strictissimi juris,* and is not to be extended by implication or construction."

In *First National Bank* v. *Goodman,* 55 Neb. 419, 420 (77 N. W. 757), the court says:

"That a surety is entitled to stand upon the strict terms of his contract is a proposition of law upon which the authorities all agree. To the extent, and in the manner, pointed out in his obligation he is bound, *but no farther.* It has been often said by judges and text-writers that sureties are favorites of the law, and that their liability will not be extended by implication."

Childs, Suretyship and Guaranty, pages 124, 125, says:

"While a surety is denominated a favorite of the law, there is a very limited field for the application of

this doctrine. The nature of the contract invokes equitable consideration, but the general rules for the construction of contracts are not excluded thereby. *This liability will not be extended by implication* and his contract is strictly construed. * * In cases of doubt, the doubt is solved generally in his favor.''

The surety on said undertaking agreed that:

''The appellant will pay all costs and disbursements *that may be awarded against him on the appeal,* and that said appellant will satisfy any judgment *that may be given against him in the appellate court on the appeal.''*

This undertaking is to be construed strictly in favor of the surety. He is bound for nothing that is ''not nominated in the bond.''

The surety undertakes two things: (1) That the appellant will pay all costs and disbursements that may be awarded against him on the appeal; (2) that the appellant will satisfy any judgment that may be given against the appellant on the appeal. The undertaking of the surety was to pay any judgment that should be awarded against the appellant by the appellate court, and, as that court did not render any judgment against the appellant, there was nothing for the surety to pay. The surety did not undertake that the appellant would pay the judgment rendered by the justice's court. Construing said undertaking according to its terms, the surety promised that the appellant would pay any judgment that the appellate court should render in said cause against the appellant, and he incurred no liability on said undertaking, because the appellate court rendered no judgment against the appellant on said appeal.

In 1 Ency. Pl. & Prac., page 1013, that work says:

''As a general rule the rendition and entry of a final judgment of affirmance *on appeal* is required to subject the sureties to liability on the bond.''

In *Poppenhusen* v. *Seeley,* 41 Barb. (N. Y.) 451, the court says:

"Although there was an *order* of the general term affirming the judgment of August 13, 1860, no *judgment* of affirmance could be entered, if the defendants in that judgment availed themselves of the leave to answer contained in and forming a part of the said order.   When those defendants answered, a new issue, differing in its character and mode of trial from that upon which the prior judgment had been entered, was formed, and the right to enter a judgment of affirmance, or to issue an execution on any judgment of affirmance, was forever gone.   The plaintiff must have the right to enter and collect a *judgment of affirmance* before he can proceed against the sureties in such an undertaking as the present.   The plaintiff has never acquired such a right."

In *Wood* v. *Derrickson,* 1 Hilt. (N. Y.) 410, the court says:

"The action was upon an undertaking given on appeal, and was conditioned for the payment of all costs and damages which might be awarded on appeal, and of the judgment of affirmance.   It did not require the issuing of an execution, but was forfeited as soon as the affirmance of the judgment took place, and the debtor made default in its payment."

In *Gregory* v. *Stark,* 4 Ill. (3 Scam.) 612, which was an action on an appeal bond, the court says:

"The moment judgment was rendered in the appeal cause, unless the money was paid immediately, the condition of the bond was forfeited, and action could be brought upon it at any time before that judgment was actually satisfied."

2 Cyc. 946, says:

"To establish the breach of the *condition to satisfy* the affirmed judgment, it is only necessary to show *that after said affirmance* the judgment has not been satisfied."

71 Or.—3

. The same volume, on page 933, says:

"Before a· breach of the condition to prosecute to effect can be maintained, *there must have been a final judgment of the appellate court,* dismissing the appeal or affirming the judgment appealed from, *which judgment must be alleged and proved.*"

4 Am. & Eng. Ency. of Law and Practice, page 943, says:

"As a general rule, the rendition and entry of a final judgment of *affirmance on appeal* is required to subject the sureties to liability on the bond."

The same volume, on page 944, says:

"It is generally held that, upon affirmance of the judgment from which the appeal is prosecuted, the liability of the sureties upon the appeal bond or undertaking becomes fixed and absolute."

See, also, *Steinhauer* v. *Colmar,* 11 Colo. App. 494 (55 Pac. 291); *Blackmore* v. *Winders,* 144 N. C. 212 (56 S. E. 874); *Odell* v. *Wootten,* 38 Ga. 224.

The liability of the defendant on said undertaking was *contingent* on the entry of a judgment in the appellate court against the appellant in said action. We have no power to extend the defendant's liability beyond the terms stated in the undertaking. It is the province of courts to construe contracts, but not to make them for parties.

As the Circuit Court of Multnomah County did not enter any judgment against Harrington in said cause upon said supposed appeal, the defendant herein, as surety upon said appeal, is not liable to the plaintiff herein upon said undertaking. The undertaking sued on did not provide that the appellant named therein should prosecute said appeal, or that, in case he should abandon said appeal, the surety would pay the judgment appealed from.

In order to recover upon said undertaking, it was necessary to allege and prove that the Circuit Court of Multnomah County, on said supposed appeal, rendered judgment against the appellant, Harrington. The complaint does not allege that such a judgment was rendered, but does allege that said supposed appeal was abandoned; and hence the complaint does not state facts sufficient to constitute a cause of action.

We hold that the complaint does not state facts sufficient to constitute a cause of action; that there was not evidence sufficient to make out a *prima facie* case for the plaintiff; and that the court below erred in overruling the defendant's motion for a nonsuit.

The judgment of the court below is reversed, and the case is remanded to the court below, and that court is directed to enter a proper judgment dismissing said cause.                REVERSED WITH DIRECTIONS.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BEAN concur.