159 So. 572

## DUGAS v. NEW YORK CASUALTY CO.

No. 32960.

Jan. 7, 1935.

Rehearing Denied Feb. 4, 1935.

I. E. Uzzo and James J. Landry, both of New Orleans, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellee.

O'NIELL, Chief Justice.

Etienne Dugas has appealed from a judgment dismissing his suit on a plea of prematurity. In considering the appeal, we assume that the facts stated in the petition are true. Dugas had a claim for workmen's compensation insurance against the Lumbermen's Reciprocal Association, a Texas corporation doing business in Louisiana, which went into the hands of a receiver. The corporation had furnished a bond for $20,000, as required of foreign insurance companies, by Act No. 172 of 1908, p. 232, for the privilege of doing business in Louisiana. The American Surety Company of New York was surety on the $20,000 bond. Dugas therefore sued the American Surety Company in the civil district court in New Orleans, and obtained a judgment against the company for $20 per week during his disability, not to exceed 300 weeks, commencing on the 15th of May, 1930, and for $250 for medical bills. In the same judgment the American Surety Company obtained a judgment against the Lumbermen's Reciprocal Association and its receiver for reimbursement of the same amount and to the same extent that Dugas obtained judgment against the American Surety Company. The judgment was signed on the 20th of April, 1931. The American Surety Company promptly took a suspensive appeal from the judgment to the Court of Appeal for the parish of Orleans, and filed an appeal bond for $10,000, signed by the New York Casualty Company as surety. The record was filed promptly in the Court of Appeal, and thereafter, on the 6th of June, 1931, the American Surety Company of New York filed in the United States District Court for the Eastern District of Louisiana an interpleader suit, entitled American Surety Company of New York v. Etienne Dugas et al., and deposited $20,000, and cited Dugas and many other defendants having claims against the American Surety Company of New York, by virtue of the qualifying bond of $20,000 which the company had signed as surety for the Lumbermen's Reciprocal Association. The American Surety Company asked for and obtained from the United States District Court a decree declaring that the company had discharged in full its obligation under the qualifying bond of $20,000, and enjoining Dugas and the other defendants from taking any further proceedings against the American

Surety Company under the bond of $20,000. In the judgment of the United States District Court affirming the report of the special master, in the interpleader suit, Dugas was allowed $20 per week for 127 weeks, that is, from the 15th of May, 1930, to the date of the first hearing before the master, and was allowed $8 per week (for 40 per cent. disability) for the remaining 173 weeks, being $1,273.28 (discounted at 8 per cent.), plus the $250 for medical fees, and $97.50 court costs, making a total allowance of $4,160.68. In the distribution of the $20,000 deposited by the American Surety Company among the defendants in the interpleader suit in the United States District Court, Dugas received, as his pro rata share, $1,141.29, leaving unpaid $3,019.39 of the indebtedness which was fixed and recognized by the decree affirming the master's report. Thereafter, Dugas made demand for the $3,019.39 upon the New York Casualty Company, as surety on the appeal bond of $10,000, which was given by the American Surety Company to appeal from the judgment of the civil district court to the Court of Appeal for the parish of Orleans. The New York Casualty Company denied liability, and Dugas brought this suit against the company for the $3,019.39. To avoid a removal of the suit to the United States District Court, Dugas filed a supplemental petition reducing his demand to $2,999.

The New York Casualty Company, the only defendant in the present suit, filed, alternatively, but in one document, first, the plea of prematurity; second, an exception of vagueness; third, a plea of estoppel by acquiescence on the part of Dugas in the decree of the United States District Court; and, fourth, an exception of no cause or right of action.

The judge sustained the plea of prematurity without passing upon the other pleas.

The plea of prematurity is founded upon the provisions of article 3066 of the Civil Code and article 596 of the Code of Practice, to the effect that no suit shall be instituted against a surety on an appeal bond until the necessary proceedings have been taken against the principal to compel payment of the judgment. It is conceded by counsel for the New York Casualty Company that the reason why Dugas does not proceed further to enforce against the American Surety Company the judgment which he obtained against the company in the civil district court is that he cannot proceed further with the prosecution of the suit in which the judgment was rendered without violating the injunction which was granted by the United States District Court. And, as the injunction has been made perpetual by the decree of the United States District Court, it is conceded that, if the plea of prematurity is well founded, so also is the exception of no right of action well founded. In other words, if Dugas is not permitted to sue the New York Casualty Company as surety on the $10,000 appeal bond until he has prosecuted further his suit against the American Surety Company in the Court of Appeal for the parish of Orleans, he will never be permitted to sue the New York Casualty Company as surety on the $10,000 appeal bond.

The conditions of the appeal bond on which this suit is founded are precisely in accord with the terms prescribed in article 579 of the Code of Practice, viz. "That it is given as surety that the appellant shall prosecute his appeal, and that he shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the pro-

ceeds of the sale of his estate, real or personal, if he be cast in his appeal, otherwise that the surety shall be liable in his place." The first obligation on the part of an appellant, in order to save the surety from liability on the appeal bond, is "that the appellant shall prosecute his appeal." If he prosecutes his appeal, he must also "satisfy whatever judgment may be rendered against him, * * * otherwise * * * the surety shall be liable in his place." But the appellant may render the surety liable as well by abandoning his appeal, as by prosecuting the appeal and then failing to satisfy whatever judgment may be rendered against him. It was so decided in Champomier v. Washington, 2 La. Ann. 1013. In that case the appeal was declared abandoned by the failure of the appellant to file the transcript before the expiration of the return day. See Champomier v. Washington, 2 La. Ann. 722. The plaintiff then proceeded against the surety on the appeal bond, and he pleaded that the plaintiff had no right to proceed against him "because the judgment against Washington, from which the appeal was taken, was not affirmed by this [the Supreme] court." The court held that, as the appellant had not prosecuted his appeal, but had abandoned it, the obligation for which the surety was liable on the appeal bond was to pay the judgment appealed from. In so deciding, the court said:

"Where an appellant abandons his appeal, the surety on the appeal bond cannot exempt himself from responsibility on the ground that 'the judgment appealed from has not been affirmed,' as contemplated by section 20 of the statute of 20 March, 1839, and articles 575, 596, of the Code of Practice. Per Curiam: The condition of the appeal bond, following literally the requisition of article 579 of the Code of Practice was, 'that the appellant shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, &c.' The appellant did not prosecute his appeal, and the condition of the bond was thus broken."

That decision was cited with approval in Moore, Janny & Hyams v. Lalaurie, 27 La. Ann. 645, and in Rawle v. Feltus, 33 La. Ann. 422, and in Russ & Hollingsworth v. Their Creditors, 45 La. Ann. 442, 12 So. 627, in which cases it was held that an appeal bond which did not contain the obligation or condition that the appellant should prosecute his appeal was not a valid appeal bond. To the same effect, see the editorial note to Woodle v. Settlemyer, 71 Or. 25, 141 P. 205, L. R. A. 1915A, page 845, III, and Ann. Cas. 1916C, page 1228.

The American Surety Company, in this instance, abandoned the appeal which the company had taken from the judgment of the civil district court to the Court of Appeal for the parish of Orleans when the company went into the United States District Court and enjoined Dugas from prosecuting his suit, then pending in the Court of Appeal. It is argued by counsel for the New York Casualty Company that the American Surety Company did not abandon its appeal, but, on the contrary, satisfied the judgment appealed from, by depositing in the United States District Court the amount of the $20,-000 bond on which the suit was founded. That would be true, perhaps, if the judgment which Dugas had obtained against the American Surety Company had been limited in its terms so that he could collect only a proportionate share of the amount of the $20,000

bond on which the suit was brought. But the judgment which Dugas held against the American Surety Company was unqualified in that respect, and was exigible against any property belonging to the company. The judgment was a final judgment, not subject to annulment or amendment except by the court having appellate jurisdiction. Code of Prac. arts. 539, 565. And the execution or collection of the judgment was prevented only by the suspensive appeal, and on the condition that the appellant, American Surety Company, should prosecute the appeal, and should satisfy whatever judgment might have been rendered against the company, or that the surety on the appeal bond, the New York Casualty Company, should be liable in its place. The expression in the article of the Code, "that the surety shall be liable in his place," means that the surety shall be liable for whatever judgment the principal on the bond shall be liable for; that is, the judgment of the appellate court if the appellant prosecutes his appeal, or the judgment appealed from if the appellant abandons the appeal. Any other interpretation would render a suspensive appeal bond worthless in the case of an abandonment of an appeal from a money judgment. And any other interpretation would contradict the very language of the bond, "that the appellant shall prosecute his appeal."

It is impossible to reconcile, in principle, the judgment appealed from in this case with the rulings which were made in American Surety Company of New York v. Brim et al., 175 La. 959, 144 So. 727, and American Surety Company of New York v. Brim et al. (In re Lyon Lumber Co., etc.), 176 La. 867, 147 So. 18, 19. In the first of these cases, Mrs. Brim, and in the second the Lyon Lumber Company, had a claim against the Home Accident Insurance Company, for workmen's compensation insurance; and the company, being a foreign corporation, became insolvent and went into the hands of a receiver. Mrs. Brim and the Lyon Lumber Company each obtained a judgment against the American Surety Company of New York, as surety on the qualifying bond of the Home Accident Insurance Company; and in each case the American Surety Company took a suspensive appeal to this court; and in each case the judgment appealed from was affirmed. After the judgment of this court in Mrs. Brim's Case had become final by the refusal of a rehearing, but before the judgment in the Lyon Lumber Company's Case had become final by the lapse of the time allowed for an application for a rehearing, the American Surety Company filed an interpleader suit in the civil district court, under the provisions of Act No. 123 of 1922, against Mrs. Brim and the Lyon Lumber Company and all others having claims against the Home Accident Insurance Company; and, depositing the amount of the qualifying bond into the registry of the court, the American Surety Company obtained an injunction against all of the defendants in the interpleader suit, forbidding them to proceed further against the American Surety Company as surety on the Home Accident Insurance Company's qualifying bond. In the Lyon Lumber Company's Case, as well as in Mrs. Brim's Case, we held that it was too late for the American Surety Company to restrict the right of recovery by way of an injunction in an interpleader suit. In deciding the Lyon Lumber Company's Case, we said:

"The only difference between Bertha Brim's Case and the Lyon Lumber Co. Case, which we are now considering, is that, at the time plaintiff made its deposit in the court below, Mrs. Brim's judgment had become final in this court; whereas, at the time the deposit was made, the Lyon Lumber Company judgment had not yet become final, but only became so afterwards.

"That, however, makes no difference. There had been a judgment against the American Surety Company in the court below, though the execution of that judgment had been suspended by an appeal. But the condition on which the law allowed the American Surety Company to suspend that judgment, was that it should pay the judgment if affirmed on appeal and furnish a good and solvent surety who would do so in its stead.

"As an appeal is not necessary to due process of law, a state may annex any condition it pleases to the granting of an appeal; and manifestly, if the law requires [that] a surety be furnished to guarantee the payment of the judgment if affirmed, it is not intended as a mere idle formality. Therefore the proceedings in the court below should not and could not prevent the Lyon Lumber Company from proceeding to fix the liability of the surety to enable it to collect from that surety if for any reason the American Surety Company could not be made to pay."

The only difference between the Lyon Lumber Company's Case and Dugas' Case is that, in the Lyon Lumber Company's Case, the court that granted the injunction in the interpleader suit was one over which this

court had appellate and supervisory jurisdiction; whereas, in Dugas' Case, the court that granted the injunction in the interpleader suit is one over which this court has no jurisdiction. Because of that difference between the two cases, it is said by counsel for the New York Casualty Company that the decree of the United States District Court, forever enjoining Dugas from proceeding further against the American Surety Company for the collection of his judgment, must be obeyed. That is true; but the decree is only in favor of the American Surety Company, not in favor of the New York Casualty Company. The United States District Court did not, in its decree, undertake to destroy or limit Dugas' right of action against the New York Casualty Company, as surety on the appeal bond which was given to suspend the execution—and to secure the payment—of the judgment rendered by the district court for the parish of Orleans, from which an appeal was taken to the Court of Appeal for the parish of Orleans. We must bear in mind that this suit is not founded upon the qualifying bond for $20,000, which the American Surety Company signed as surety for the Lumbermen's Reciprocal Association, but is founded upon the suspensive appeal bond for $10,000, which the New York Casualty Company signed as surety for the American Surety Company. The $20,000 qualifying bond passed out of the case when the American Surety Company abandoned its appeal in the suit on that bond and thereby rendered the New York Casualty Company liable as surety on the $10,000 appeal bond.

Counsel for the New York Casualty Company cite, in support of the judgment appealed from, certain expressions used by this

court in deciding the Lyon Lumber Company's Case, viz.:

"The effect of this [interpleader] proceeding and of the injunction issued therein by the court below was that neither Bertha Brim nor the Lyon Lumber Company could collect their judgments either from the American Surety Company or from the surety on the appeal bonds. For, if the sheriff could make no attempt to collect from the principal on the appeal bond because he was enjoined from doing so, it followed that the surety on the bond could never be made to pay (Code Prac. arts. 579, 596), and the appeal bond would thus become a mere scrap of paper."

That was said in condemnation of the interpleader proceeding, and to show the injustice of it, as far as Mrs. Brim and the Lyon Lumber Company were concerned. The court did not have any occasion to decide in that case, and did not decide, what effect the interpleader proceeding would have upon the liability of the surety on the appeal bonds, if the interpleader proceedings should be allowed to proceed to a final judgment against Mrs. Brim and the Lyon Lumber Company and in favor of the principal on the appeal bonds.

It is, argued by counsel for the New York Casualty Company that, if Dugas is allowed to proceed against the company as surety on the $10,000 appeal bond, the effect will be the same as to allow Dugas to proceed against the American Surety Company as principal on the bond, because, if the New York Cas-

ualty Company is held liable as surety on the appeal bond, the company will have recourse against the American Surety Company as principal on the bond. Whether the New York Casualty Company will be barred, in that event, from proceeding against the American Surety Company, by the injunction that was granted by the United States District Court in the interpleader suit, is a question with which Dugas is not concerned. He did not institute the interpleader suit. It is true that, if the New York Casualty Company has to pay Dugas and if the American Surety Company has to reimburse the New York Casualty Company, the American Surety Company will have paid out more than the amount of the $20,000 qualifying bond. But that happened in Mrs. Brim's Case and in the Lyon Lumber Company's Case, as a consequence of the failure of the American Surety Company to provoke an interpleader suit until the plaintiff in each of those cases had obtained a final judgment against the American Surety Company; and by the same token it may happen in this case.

### Decree.

The judgment appealed from is annulled, the plea of prematurity is overruled, and the case is ordered remanded to the civil district court for further proceedings consistent with the opinion which we have rendered. The costs of this proceeding, on the plea of prematurity, are to be borne by the appellee; the question of liability for other court costs is to abide the final disposition of the case.