## DUGAS v. AMERICAN SURETY CO. OF NEW YORK.*

### No. 7961.

Circuit Court of Appeals, Fifth Circuit.
April 9, 1936.

SIBLEY, Circuit Judge, dissenting.

———◆———

James J. Landry and I. E. Uzzo, both of New Orleans, La., for appellant.

Harry McCall, of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

On February 12, 1930, the appellee, American Surety Company of New York, executed as surety a bond in the sum of $20,000, Lumberman's Reciprocal Association, a Texas corporation, being the principal in that bond, which, as provided by a Louisiana statute, was conditioned in effect that said principal shall make prompt payment of all claims arising and accruing to any person during the term of said bond, by virtue of any policy or policies of described classes of insurance issued by it during the term of the bond upon the life or person of any citizen of the state of Louisiana. That bond was given to enable the principal in it to do business in Louisiana, and is herein referred to as the qualifying bond. On June 6, 1931, the appellee filed in the court below a bill of interpleader under the statute 28 U.S.C.A. § 41 (26). That bill contained allegations to the following effect: The business of said Lumberman's Reciprocal Association was chiefly the writing of workmen's compensation insurance. On July 31, 1930, a named Texas court appointed a named person receiver of said association, and said association is still in the hands of said receiver. Claims against said association's qualifying bond are far in excess of the amount of said bond. Some of the claimants now are, and at all times mentioned in the bill were, citizens of named states other than Louisiana, and some of these claimants now are, and at all times mentioned in the bill were, citizens of the state of Louisiana. Two suits against petitioner (appellee) on said qualifying bond are pending in Louisiana state courts. In one of these suits, brought by Etienne Dugas (appellant), judgment in favor of the plaintiff therein was rendered on April 14, 1931, requiring the defendant therein (the appellee) to pay to appellant $20 a week for a period not to exceed 300 weeks. Appellant appealed from the judgment, giving a suspensive appeal bond in the sum of $10,000, the New York Casualty

*Rehearing denied June 5, 1936.

Company being the surety in that bond, which contained the following condition: "Now the condition of the above obligation is such that the above bounden American Surety Company of New York shall prosecute diligently its appeal, and shall satisfy whatever judgment may be rendered against it or that the same shall be satisfied by the proceeds of its estate, real or personal, if it be cast in the appeal, otherwise that the said New York Casualty Company, State of New York, shall be liable in its place."

Appellee disclaimed any interest in the amount of its qualifying bond, except to pay the amount of the same to persons lawfully entitled thereto, and appellee prayed permission to pay into court the amount of its said bond for distribution among those lawfully entitled thereto after the payment of all lawful costs. A list of claims against said bond was attached to the bill. That bill contained prayers: That appellee be authorized and directed to deposit in the registry of the court the sum of $20,000; that appellant and other claimants be cited to interplead and settle between themselves their rights or claims to the amount of said bond; that appellants and other defendants in said bill be restrained and enjoined from instituting or prosecuting in any state court, or in any other federal court, any suit on account of any right or claim growing out of said bond; and that appellee be released from all further liability on account of said bond, upon a determination being had as to the amount due thereon, and upon the payment by appellee of a sum, if any be found due thereon, over and above the fund paid into the registry of the court. Pursuant to an order made by the court upon the filing of that bill, appellee paid into the registry of the court the sum of $20,000. Appellant appeared in that cause, filed an exception to the bill of complaint therein, a plea in bar, and an answer. On September 19, 1932, the court entered a decree in that cause which adjudged: That appellee, by the deposit of $20,000 made in that cause, complied with all obligations under or on account of said qualifying bond, or under or on account of any similar previous bonds, and that appellee "be and it is hereby released and discharged from any and all further liability on account of said bonds or any of them"; and "that all defendants hereby be and they hereby are perpetually restrained and enjoined from instituting or prosecuting in any State Court, or in any

other Federal Court, any suit against said American Surety Company of New York on account of any right or claim growing out of said bond, or any similar previous bond." There was no appeal from the final decree rendered in the interpleader suit, and that decree remained in full force and effect. By a provision of that decree a special master was appointed to determine the manner in which the balance of the fund remaining on deposit in the registry of the court, after deducting the amounts of costs and attorney's fees allowed by the court, shall be distributed between the defendants in the cause. The special master's report showed that the claim of the appellant was allowed in the sum of $4,160.68, and that appellant's pro rata share of the fund in court for distribution among the several claimants was $1,141.29. Counsel for the various claimants, including appellant, entered into a written stipulation acquiescing in that report of the special master; whereupon the court confirmed that report and ordered the distribution of the fund in court in accordance with that report.

On March 7, 1934, appellant filed in a Louisiana state court a suit against the New York Casualty Company, the surety on the above-mentioned appeal bond given by appellee, seeking the recovery of the sum of $3,019.39, for an alleged breach of the condition of that bond, that sum being the amount, $4,160.68, of appellant's claim allowed by the special master and the sum, $1,141.29, received by the appellant under the court's order of distribution. On March 14, 1934, appellant filed an amended and supplemental petition reducing the amount claimed by him in said suit to $2,999. The court in which that suit was brought maintained an exception of prematurity, and dismissed that suit. From that judgment appellant appealed to the Supreme Court of Louisiana, which court on January 7, 1935, annulled the judgment appealed from, overruled the plea of prematurity, and remanded the case for further proceedings. Dugas v. New York Casualty Co., 181 La. 322, 159 So. 572. On January 29, 1935, appellee filed a supplemental petition in the above-mentioned interpleader suit. That pleading recited what had occurred in the interpleader suit and in the suit brought by appellant against the New York Casualty Company. That supplementary petition named as parties defendant appellant and Maurice J. Hartson, civil sheriff of the parish of Orleans, state

of Louisiana. That pleading alleged: "Maurice J. Hartson, a resident of this Parish and State, was and is Civil Sheriff of the Parish of Orleans, State of Louisiana, and as such is the official charged with the duty of executing the decrees and orders of the Civil District Court for the said Parish, and for that reason plaintiff desires that he be made a party hereto in order fully to guarantee the effectiveness of the relief herein sought." By exception interposed by appellant the right of appellee to maintain the supplementary petition was challenged on the grounds that the court ceased to have jurisdiction to make further orders or decrees in the interpleader suit upon the expiration of the term at which the final decree therein was rendered; on the ground that the amount involved is less than $3,000; and on the ground that the injunction sought was forbidden by statute, 28 U.S.C.A. § 379. After those exceptions were overruled, appellant filed an answer on the merits. On a submission of the cause on the supplemental petition and on the above-mentioned decree of September 19, 1932, the court ordered the issuance of a preliminary injunction as prayed for in said supplemental petition. By stipulation of counsel, the cause was submitted for final decree on said supplemental petition, upon the pleadings filed by appellant, and upon the same evidence as was produced at the hearing of the application for a preliminary injunction applied for in said supplemental petition, and allowed by the court. Thereupon the court made findings of facts and conclusions of law, and rendered a decree which adjudged: "That an injunction issue herein permanently enjoining and restraining Etienne Dugas, his attorneys, agents and representatives from taking any steps to institute, prosecute or execute any judgment in any suit or proceeding (and in particular in proceeding entitled Etienne Dugas v. New York Casualty Company, No. 206,399 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana) in any State Court or in any other Federal Court, on any claim growing out of or connected with the appeal bond executed by New York Casualty Company as surety and American Surety Company of New York as principal in the sum of Ten Thousand Dollars ($10,000.00) and filed in connection with the appeal taken by American Surety Company of New York from judgment dated April 14, 1931, in suit entitled Etienne Dugas v. American Surety Company of New York, No. 188,642 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana; and permanently enjoining and restraining Maurice J. Hartson, Civil Sheriff for the Parish of Orleans, his successors in office, agents, servants, employees and representatives from executing or taking any action to execute any judgment, decree or order which may be issued against New York Casualty Company in suit of Etienne Dugas against New York Casualty Company, which is hereinabove mentioned." Etienne Dugas appealed from that decree.

■ The appellee filed a motion to dismiss the appeal because Maurice J. Hartson, civil sheriff of the parish of Orleans, state of Louisiana, did not join therein, and there were no summons and severance as to him. Hartson in no way resisted the supplemental bill, and it is quite apparent that he has no legal interest in maintaining or reversing the decree appealed from. This being so, he was not a necessary party to the appeal. Amadeo v. Northern Assurance Co., 201 U.S. 194, 26 S.Ct. 507, 50 L. Ed. 722; Basket v. Hassell, 107 U.S. 602, 2 S.Ct. 415, 27 L.Ed. 500; National Surety Co. v. Leflore County, Miss. (C.C.A.) 262 F. 325; Orleans-Kenner Electric Ry. Co. v. Dunbar (C.C.A.) 218 F. 344; 3 C.J. 1017. The motion to dismiss the appeal is denied.

■ The proceeding instituted by the supplementary petition was ancillary to the original interpleader suit; the object sought being the effectuation of the final decree rendered in that suit. That proceeding being ancillary and dependent, the court had jurisdiction by reason of its jurisdiction of the interpleader suit. That proceeding was maintainable without regard to the citizenship of the parties or the amount involved, and the court in that proceeding, acting to enforce or protect its decree in the interpleader suit, was empowered, notwithstanding the statute forbidding, except in specified cases, the federal courts by injunction to stay proceedings in any court of a state to stay suits and proceedings in state courts which would have the effect of defeating or interfering with the court's jurisdiction. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123; Wilson v. Alexander (C.C.A.) 276 F. 875. The manifest purpose of the final decree rendered in the interpleader

suit was to grant the relief authorized by the statute providing for such suits (28 U.S.C.A. § 41 (26), by adjudging that appellee has, by the deposit of $20,000 made in that cause, complied with all its obligations under or on account of said qualifying bond, and that appellee be discharged from further liability to the appellant and other parties defendant to that suit. The final decree rendered in the interpleader suit established and concluded the right of the appellee to be discharged from all further liability under the qualifying bond upon which it was the surety and to terminate any right of the appellant to enforce against the appellee any asserted liability based upon or growing out of that bond. The right established in favor of the appellee is inconsistent with appellant having the right to enforce against the New York Casualty Company, the surety on the appeal bond given in the suit in which judgment was rendered against appellee for the full amount of appellant's claim for workman's compensation, with the result enabling the New York Casualty Company to charge the appellee, its principal, with liability for the amount adjudged against the surety. That appeal bond was an incident of the suit brought by appellant against appellee for the full amount of the former's claim, and was a means of effecting the enforcement of that claim. The liability under that appeal bond was a liability on account of the qualifying bond, within the meaning of the provision of the decree in the interpleader suit releasing and discharging the appellee from any and all further liability on account of the qualifying bond. The decree in the interpleader suit had the effect of extinguishing appellee's liability on the appeal bond given in the suit, the further prosecution of which was enjoined. The liability of the surety on that appeal bond was extinguished by the discharge of the principal from all liability thereon. Cage's Executors v. Cassidy, 23 How. 109, 116, 16 L.Ed. 430; United States v. Chouteau, 102 U.S. 603, 26 L.Ed. 246; Veach v. Rice, 131 U.S. 293, 9 S.Ct. 730, 33 L.Ed. 163.

The court's determination of the effect of its decree in the interpleader suit cannot be controlled by a decision of the Supreme Court of Louisiana in a litigation which arose after that decree was rendered. It would be unconscionable to permit the enforcement of the asserted liability of the surety on the appeal bond in question after the principal in that bond had been dis-charged from all liability on that bond. A conclusion of law made by the court stated: "The attempt to collect from the surety on said appeal bond is an indirect method of proceeding against the principal on said bond, American Surety Company, of New York, which it was the intention and purpose of the order and decree herein of September 19, 1932, to forbid." It was appropriate for the court to prevent the full enjoyment by a beneficiary of its final decree of the right established by that decree in favor of such beneficiary from being interfered with or impaired by the prosecution of a suit against the beneficiary's surety to enforce an asserted liability of the surety, which was extinguished by the discharge of the beneficiary's liability.

The decree appealed from did not go beyond giving due effect to the final decree rendered in the interpleader suit by protecting the rights of the appellee established by that final decree and preventing the jurisdiction exercised by the court in rendering that final decree from being defeated or interfered with. The decree under review is affirmed.

SIBLEY, Circuit Judge (dissenting).

I agree that this appeal ought not to be dismissed for want of parties, and that the District Court had dependent jurisdiction to inquire into a violation of its prior injunctive decree. I think it erred in holding that the suit of Dugas against New York Casualty Company on the state court appeal bond is any violation of that decree. The decree is that American Surety Company, by paying into court $20,000, had "complied with all its obligations under its bond dated Feb. 12, 1930, as surety for Lumbermen's Reciprocal Association or any similar previous bond," and "that all defendants be and they are hereby perpetually restrained and enjoined from instituting or prosecuting in any State court or any other federal court any suit against American Surety Company on account of any right or claim growing out of said bond or any similar previous bond." The injunction does not cover a suit on the subsequent appeal bond which American Surety Company had given as principal, with New York Casualty Company as surety. Such a bond is altogether dissimilar from the bonds mentioned in the decree. Dugas had pleaded the pendency of his appeal secured by New York Casualty Company's bond as a bar to the interpleader sought by the American Surety Company, but he did not

seek to establish in that suit his rights under that bond; New York Casualty Company being no party to the interpleader. The court properly held that the matter he pleaded was no bar, and that interpleader was proper, and ordered all claimants to set up their claims against the $20,000 bond. Dugas rightly interpreted this as excluding from consideration his claim on this appeal bond, and he proceeded as he should have done for the protection of the surety on that bond to realize whatever was realizable as a general claimant from the fund before the court, and he collected $1,141.-21. This he credited on the liability under the appeal bond, and then in a state court sued the surety, New York Casualty Company, for the balance of his claim, alleging that the bringing of the interpleader suit was an abandonment of the appeal pending in the state court and a breach of the appeal bond. The New York Casualty Company got a judgment in the trial court that its bond had not yet been breached and that the suit was premature. On appeal the Supreme Court of Louisiana carefully interpreted the bond of the New York Casualty Company and the state statute under which it was given, and held that the bond was breached and that a cause of action on it had arisen. Dugas v. New York Casualty Co., 181 La. 322, 159 So. 572, 575. At this point the American Surety Company, which is no party to the litigation in the state court, obtained in the federal court the supplementary injunction under review.

The Supreme Court of Louisiana said in part: "The United States District Court did not, in its decree, undertake to destroy or limit Dugas' right of action against the New York Casualty Company, as surety on the appeal bond which was given to suspend the execution—and to secure the payment—of the judgment rendered by the district court for the parish of Orleans, from which an appeal was taken to the Court of Appeal for the Parish of Orleans. We must bear in mind that this suit is not founded upon the qualifying bond for $20,000, which the American Surety Company signed as surety for Lumbermen's Reciprocal Association, but is founded upon the suspensive appeal bond for $10,000, which the New York Casualty Company signed as surety for the American Surety Company. The $20,000 qualifying bond passed out of the case when the American Surety Company abandoned its appeal in the suit on that bond and thereby rendered the New York Casualty Company liable as surety on the $10,000 appeal bond * * * It is true that, if the New York Casualty Company has to pay Dugas, and if the American Surety Company has to reimburse the New York Casualty Company, the American Surety Company will have paid out more than the amount of the $20,000 qualifying bond. But that happened in Mrs. Brim's Case and in the Lyon Lumber Company Case [American Surety Co. v. Brim et al., 176 La. 867, 147 So. 18], as a consequence of the failure of the American Surety Company to provoke an interpleader suit until the plaintiff in each of those cases had obtained a final judgment against the American Surety Company [on suspensive appeal]; and by the same token it may happen in this case."

The construction and effect of this appeal bond and the state statute under which it was given are settled for the federal courts by the decision of the Supreme Court of Louisiana. The effect of the federal injunctive decree is not thus settled, but I think the holding just quoted is correct. Had American Surety Company, when Dugas obtained judgment against it, at once filed its interpleader, all its obligations to Dugas would have been ended. But it saw fit to appeal and to arrest execution of the general judgment against it by giving another obligation for its payment. The consideration of the appeal bond was the delay to be obtained. That consideration was enjoyed, and the bond as a collateral obligation stands good according to its terms. According to those terms, the bond has been breached, and the liability on it has become absolute. The full penalty of $10,000 is not recoverable, but only the unpaid balance of the judgment. For that purpose only is the judgment involved in the action on the bond. The judgment, which indeed represents a liability on the $20,000 bond, is not thereby enforced, but is used only to measure the damages occasioned by the breaching of the $10,000 bond. Limiting the liability on the $20,000 bond has no effect to limit the liability on the $10,000 bond which is otherwise conditioned. It is very clear to me that such a suspensive appeal bond would stand good as a security if an appellant corporation should, pending appeal, go into bankruptcy, or be dissolved, or if, being a shipowner, it should begin limitation of liability proceedings under the federal statute. Such a thing has happened here. If American Surety Company, instead of giv-

ing this bond, had, in order to obtain the delay, pledged its property to Dugas, the pledge would surely stand good. American Surety Company would in that case lose additionally this property, but only because it had pledged it. It loses no more by reason of the surety's probable right of recourse if this bond is enforced against New York Casualty Company. The bond is the price of a delay which was enjoyed. I think the District Court erred in interfering with its enforcement in the state court.