**COUNTRY CLUB DAIRY COMPANY, a Missouri corporation, Plaintiff,**

v.

**PEOPLES BANK OF KANSAS CITY, a Missouri corporation, the Farmers Bank, a Kansas corporation, Louis F. Knop, Olin Crotchett, Elden Lynn and J. V. Masterson, Defendants.**

No. 12185.

United States District Court
W. D. Missouri, W. D.

Feb. 5, 1959.

Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Mo., for plaintiff.

V. E. Phillips, Kansas City, Mo., Maurice R. Hubbard, Olathe, Kan., Ennis, Browne & Martin, I. L. Kraft, Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

One Robert Randall was the owner and operator of a milk pick-up route wherein he picked up the milk of various producers and delivered it to plaintiff. Plaintiff periodically remitted checks to Randall for the milk which he had delivered.

Defendants Peoples Bank of Kansas City and the Farmers Bank, Gardner, Kansas, each made loans to Randall which he promised to repay from the proceeds he received from plaintiff. The record does not disclose with certainty which of the loan transactions was prior in point of time, and for present purposes this issue is immaterial. Most of the elements of the controversy basically are derived from these two loan agreements. The Peoples Bank loaned Randall approximately $11,000. In return Randall executed two assignments, in one of which he assigned $250 per month and in the other $100 per month of the amounts due him from plaintiff. Plaintiff by written agreement promised to withhold these sums from the milk proceeds and pay them directly to the bank. Randall also borrowed $2,309 from the Farmers Bank. He executed an assignment to that bank of $150 per month of that which became due him from plaintiff.

On October 14, 1958, Randall sold his route in four parcels to the individual defendants, Knop, Crochett, Lynn and Masterson. Four tripartite agreements were entered into by Randall, the purchasers, and the Farmers Bank. The sale price was $2,835. The individual agreements varied slightly, but in substance they provided that the purchasers would pay that sum to the Farmers Bank either in cash or installments from the milk proceeds. No mention is made in these contracts of the prior assignment of proceeds by Randall to the Farmers Bank but it may be inferred that this was released or abandoned and that the purchasers merely stepped into Randall's shoes. The Peoples Bank was not a party to this transaction. Knop, Crochett and Lynn are citizens of Kansas. Masterson is a citizen of Missouri.

Plaintiff, faced with the dilemma as to whom it should pay the proceeds of milk deliveries, filed its complaint in interpleader. A series of motions to dismiss have been filed which now require ruling. Each individual defendant moves to dismiss for failure to state a cause of action as to him. The Farmers Bank moves to dismiss on the multiple grounds that: (1) The complaint fails to allege sufficient jurisdictional grounds; (2) the petition shows on its face that the amount involved is less than $10,000;

(3) the service of process upon it is invalid because it was not obtained within this district; and (4) the requisite diversity of citizenship is lacking.

This action of interpleader is brought under the provisions of Title 28 U.S.C.A. § 1335. Several fundamental principles relating to the inherent nature of an interpleader action have given rise to certain rules which to some degree represent a deviation from those in force in the usual duomachy. One of these is that the Federal Interpleader Act is designed to provide a forum wherein a plaintiff or applicant who may be subject to possible multiple claims on a single liability may have the entire controversy adjudicated without the problem of territorial jurisdictional barriers. Another is that in an action of strict interpleader brought under Section 1335, supra, such as this suit, the requisite diversity of citizenship is not determined as between plaintiff and the claimant-defendants, but, since the actual controversy is between the claimants, it is among these parties that diversity of citizenship is to be ascertained. Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

The contention that plaintiff has failed to allege sufficient jurisdictional facts is not well taken. The complaint clearly indicates the nature of the action as one of interpleader, the citizenship of the parties, and the amount in controversy. The substance of Rule 8(a) (1), 28 U.S.C.A., has been met. The fact that the complaint does not show that there is $10,000 involved is immaterial. Title 28 U.S.C.A. § 1335. And service of process outside the territorial limits of this district is specifically provided in Title 28 U.S.C.A. § 2361.

Only the question of diversity of citizenship remains. Plaintiff is a Missouri corporation. The Peoples Bank of Kansas City is a Missouri corporation. The Farmers Bank is a Kansas corporation. Three of the individual defendants are citizens of Kansas. One is a citizen of Missouri. As previously indicated, it is the citizenship of the adverse claimants which is to be used to determine diversity for jurisdictional purposes. At this time there is at least a discernible general outline of the controversy. The two principal adversaries are the Peoples Bank and the Farmers Bank. Based upon the source from which they derived their interest and the fact that in their answers they have denied that the Peoples Bank is entitled to any sum, the individual defendants are aligned in a subordinate manner with the Farmers Bank. The result is a citizen of Missouri opposed by four from Kansas and one from Missouri. In this type of interpleader action complete diversity of citizenship is not necessary. It is sufficient if there is diversity between two or more of the adverse claimants. Haynes v. Felder, 5 Cir., 1957, 239 F.2d 868; Cramer v. Phoenix Mut. Life Ins. Co. of Hartford, Conn., 8 Cir., 1937, 91 F.2d 141, certiorari denied, 1937, 302 U.S. 739, 58 S.Ct. 141, 82 L.Ed. 571; Dugas v. American Surety Co., of New York, 5 Cir., 1936, 82 F.2d 953, affirmed, 1937, 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720. Particularly is this rule appropriate in the present case where it appears that the principal opponents will be the Missouri bank and the Kansas bank and that the presence of the other parties will be ancillary to the primary dispute.

The motion of the individual defendants to dismiss for failure to state a cause of action is overruled. For the reasons given the motion to dismiss of defendant the Farmers Bank is overruled. It is so ordered.