O’NIELL, C. J.
 

 The American Surety Company of New York has appealed from a judgment rendered against the appellant and the Home Accident Insurance Company, in solido, for $6,796.77, which the insurance company owes the plaintiff for workmen’s compensation insurance. The surety company was held liable for having signed as surety the qualifying bond for $50,000, given by the insurance company for the privilege of doing business in Louisiana, as required by Act No. 58 of 1921 (Ex. Sess.) p. 74. The insurance company is insolvent, and in the hands of a receiver appointed in a judicial proceeding in Little Rock, Ark., where the corporation was organized and had its domicile. It is not disputed that the insurance company owes the plaintiff the amount of the judgment appealed from, under policies of workmen’s compensation, insurance ' issued by the company to the plaintiff, covering accidents for which the plaintiff lumber company was obliged to pay compensation.
 

 The American Surety Company contends that the claim of the plaintiff against the insolvent insurance company is not embraced within the class of claims that were covered by the bond of $50,000, or by the statute under which it was given, Act No. 58 of 1921. That defense was urged by this appellant in the case of Bertha Brim Ryan v. American Surety Company of New York (La. Sup.) 142 So. 910.
 
 [1]
 
 it was decided, definitely, in that case, that a claim arising from a contract of workmen’s compensation insurance was embraced within the class of claims covered by the bond of $50,000, given under the provisions of Act No. 58 of 1921 (Ex. Sess.); but the defense is renewed now with such earnestness and ability — and is a matter of so much interest and importance — that we are not averse to giving it further consideration.
 

 We agree with counsel for the appellant that Act No. 58 of 1921 (Ex. Sess.) which, in fact, though not in form, is an amendment and re-enactment of Act No. 71 of 1904, is intended to apply only to guaranty, fidelity,
 
 *479
 
 surety and bond companies. They alone are required to give the bond of $50,000, or to deposit with the state treasurer $50,000 in cash or in such securities as are prescribed in the first section of the act (as amended by Act No. 340 of 1926), for the privilege of doing business in this state. Act No. 172 of 1908, p. 232, requires of other kinds of insurance companies, organized under the laws of other states, a bond of only $20,000 — thus: “That all fire, life, accident and other kinds of insurance companies other than fidelity and surety and fraternal societies and insurance companies insuring against the breakage of plate glass only organized under the laws of. other States, * * * shall, annually give a bond in favor of the State of Louisiana, * * * in the full sum of twenty thousand dollars ($20,000.00),” etc. Section 1. Under that statute the Home Accident Insurance Company might have obtained the privilege of writing workmen’s compensation insurance in Louisiana by giving a bond for only $20,000'; but, instead, the company gave the bond for $50,000, under the provisions of Act No. 58 of 1921 (Ex. Sess.), and thereby obtained the privilege of doing, the business of a guaranty, fidelity, surety or bond company. Whether the company did any such business in Louisiana, or was authorized by its charter to do such business, does not appear from the record. All that the record shows, in that respect, is that the Home Accident Insurance Company was qualified by the furnishing of a bond for $50,000, under the provisions of Act No. 58 of 1921 (Ex. Sess.), to do business in Louisiana, and that the company was in fact engaged in writing workmen’s compensation insurance in Louisiana. And the question is whether the surety on the bond, so furnished, was liable for claims arising from such contracts of insurance. On that subject counsel for the appellant say in their brief: “On this phase of the matter it is obvious that what the legislature intended to do [first by Act No. 71 of 1904 and afterwards by Act No.'58 of Ex. Sess. 1921] was to deal with the business of writing fidelity, guaranty, surety and bond business, and not with any side business which concerns engaged in the business named might also undertake.” The language of the statute, however, convinces us that the intention of the Legislature was that the bond required by the act of 1921 should secure all claims arising from contracts of insurance of any kind, entered into by a corporation qualified under the provisions of that statute to do business as a guaranty, fidelity, surety or bond company, in this state. The statute seems by its terms to apply to domestic as well as foreign corporations. Whether that was intended or w;as because, in 1904, when the statute was first enacted, the only guaranty, fidelity, surety or bond companies doing business in Louisiana were foreign corporations, is not important here. The important fact is that the statute declares that the bond of $50,000, required by the statute, shall be “for the use and benefit of all creditors in the State of Louisiana,” and that the bond or deposit, as the case may be, shall “be held subject to any claim, liens or judgments that may be judicially obtained against them [the companies giving the bonds or making the deposits] in the courts of this State, or the. Federal courts in this State, or arising from any contract of insurance, or indemnity, or fidelity, or guaranty, entered into in this State.”
 

 
 *481
 
 The bond sued on, in this ease, bears the caption “Bond, under Act No. 58 of 1921, as amended by Act No. 340 of 1926,” and the obligation or Condition expressed in the bond is “that the said Home Accident Insurance Company shall make prompt payment of all claims arising and accruing to any person during the term of said bond, by virtue of any contract of insurance or indemnity or fidelity or guaranty, entered into in this state,” etc.
 

 It is argued by counsel for the appellant that, if the clause reading “said bond or deposit to be held subject to any claim, liens or judgments that may be judicially obtained against them in the courts of this State, or the Federal courts in this State,” were not restricted to claims arising from the business intended to be covered by the statute, then the clause which follows, “or arising from any contract of insurance, or indemnity, or fidelity, or guaranty, entered into in this State,” would be mere surplusage. But that is not a necessary consequence. The expression, “claims, liens or judgments that may be judicially obtained against them,” has reference to judgments obtained against the principal on the bond; but the expression following, “or arising from any contract of insurance,” etc., may have reference to the right of the holder of such a claim to proceed originally against the surety on the bond. Be that as it may, the language of the statute, in so far as it makes the bond cover “any claim * * * arising from any contract of insurance,” is too plain to admit of any other meaning. The declaration is that the bond, or the deposit, as the case may be, shall be held subject to any claim, lien or judgment obtained judicially against the principal on the bond, or the depositor, as the case may be, or any claim
 
 arising from any contract of insurance, or
 
 indemnity,
 
 or
 
 fidelity,
 
 or
 
 guaranty, entered into in this state. There are instances where a court, in construing a statute, may be warranted in substituting the conjunction “and” for “or,” or vice versa, in order to give the statute its obvious meaning; but such a substitution of words is not permissible where it would change the meaning of the law. The Civil Code itself, in article 13, admonishes us that when a law is plain and free from ambiguity its letter is not to be disregarded, under the pretext of pursuing its spirit. In this instance, we must not only have regard for the letter of the law in its persistent use of the word “or” instead of “and,” in the phrase “or arising from any contract of insurance, or indemnity, or fidelity, or guaranty,” but we must have regard also for the phrase “contract of insurance,” as distinguished from “indemnity, or fidelity, or guaranty.” In fact, there is very good authority for calling workmen’s compensation insurance indemnity.
 

 It is not necessary to decide now whether a foreign corporation that gives the bond for $50,000, under the provisions of Act No. 58 of 1921 (Ex. Sess.), for the privilege of doing business as a.guaranty, fidelity, surety or bond company, in Louisiana, is thereby authorized and qualified to do any and all other kinds of insurance business in this state. It is sufficient to say that, if a foreign insurance company does give the bond required by the act of 1921 for the privilege of doing business in Louisiana as a guaranty, fidelity, surety or bond company, and does, by virtue of the privilege so obtained, carry on the business of writing other kinds of insurance.
 
 *483
 
 such as workmen’s compensation insurance, the bond will cover any claim arising from any such contract of insurance.
 

 It is said by counsel for appellant that the conclusion reached in the case of Bertha Brim Ryan v. American Surety Company, supra, appears to have been based largely upon the assumption that the surety company, by furnishing the bond, permitted the foreign insurance company to withdraw from the state cash or securities amounting to $50,000, which had been deposited in compliance with Act No. 71 of 1904. It is said that that was an erroneous assumption, because the bond in that case, as in the present case, was not given under the provisions of the fourth section of Act No. 58 of 1921 (Ex. Sess.), or as a substitute for a deposit theretofore made under the provisions of Act No. 71 of 1904, but was given under the provisions of the first section of the act of 1921, or as a substitute for a bond theretofore given under that section. It is declared in the bond referred to in the Bertha Brim Ryan Case, and in the bond which is exactly like it in the present case, that it was given “for the purpose of withdrawal of the deposit of Fifty Thousand Dollars ($50,000.00) made with the State Treasurer of Louisiana in accordance with the provisions of Act No. 71 of 1904,” etc. It may be- — as suggested by counsel for the appellant —that the only reason for that declaration in the bond is that it was made on a printed form adopted by the secretary of state immediately after the act of 1921 went into effect, and when it was appropriate that such a declaration should be made in the bond; but there is no evidence of that in the record. That declaration in the bond, however, was not a controlling factor in the decision of the Bertha Brim Ryan Case, and is not considered important in this case.
 

 The judgment is affirmed.
 

 [1]
 

 175 La. 41.