a broker to negotiate or to consummate sales for compensation.

Our original judgment is correct and is reinstated and made the final judgment of the court.

OVERTON, J., dissents.

147 So. 18

**AMERICAN SURETY CO. OF NEW YORK v. BRIM et al.**

**In re LYON LUMBER CO.**

No. 32081.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

Laycock & Moyse, of Baton Rouge, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellee American Surety Co.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, for appellee United Gas Public Service Co.

ST. PAUL, Justice.

In order to understand this case, we must go back to three prior cases lately decided by this court, to wit (1) Brim (Bertha, Widow of Calvin Ryan) v. American Surety Co. of New York, 175 La. 41, 142 So. 910; (2) Lyon Lumber Co. v. Home Accident Ins. Co. et al. (American Surety Co. of New York), 175 La. 476, 143 So. 379; and (3) American Surety Co. of New York v. Brim (Bertha, Widow of Calvin Ryan) et al., 175 La. 959, 144 So. 727.

**I.**

The first two were cases in which the plaintiffs had claims against the Home Accident Insurance Company arising out of certain workmen's compensation policies. The latter being insolvent, both plaintiffs sought judgments against the American Surety Company of New York, plaintiff here, the qualifying surety of the Home Company under the provisions of Act No. 58 of 1921 (Ex. Sess.) p. 74. In both cases the American Surety Company resisted the claim. In both cases there

was judgment against it in the court below. In both cases it took a suspensive appeal to this court and furnished the appeal bond required by law. In both cases the judgment appealed from was affirmed.

## II.

The judgment of this court in the Brim Case was rendered May 23, 1932; a rehearing was denied June 20, 1932.

The judgment of this court in the Lyon Lumber Co. Case was rendered June 30, 1930. No rehearing was applied for, but the judgment did not become final until the delays for applying for a rehearing had expired, to wit, until 15 days after rendition, say July 15, 1932.

## III.

Fifteen days after the rehearing had been refused in the Brim Case, and ten days before the judgment in the Lyon Lumber Co. Case could become final, to wit, on July 5, 1932, plaintiff in this case, defendant-appellant in those two cases, sought to avail itself of the provisions of Act No. 123 of 1922, which provides that, when any person shall be in possession of any money claimed by two or more persons, he may deposit the same in the registry of the court having jurisdiction and thereby relieve himself of any further liability in the premises, leaving the parties to litigate among themselves. Accordingly, plaintiff deposited $50,000 in the registry of the court below, called in all parties having claims against the Home Accident Insurance Company, and asked and obtained an injunction forbidding each and every one of them, to proceed further in any attempt to collect their claims from plaintiff or otherwise than out of the fund deposited in court. Among the parties so enjoined, most of whom apparently had no judgment against plaintiff, were Bertha Brim and Lyon Lumber Company, who *did* have judgments against it and good and solvent appeal bonds to secure the payment of their judgments in case they were affirmed on appeal.

## IV.

The effect of this proceeding and of the injunction issued therein by the court below was that neither Bertha Brim nor the Lyon Lumber Company could collect their judgments either from the American Surety Company or from the surety on the appeal bonds. For, if the sheriff could make no attempt to collect from the principal on the appeal bond because he was enjoined from doing so, it followed that the surety on the bond could never be made to pay (Code Prac. arts. 579, 596), and the appeal bond would thus become a mere scrap of paper.

## V.

Accordingly Bertha Brim, after vainly endeavoring in the court below to have the injunction dissolved as to her, applied to this court for relief and obtained it. That was in the case above mentioned as No. 3. This court held that Act No. 123 of 1922 had no application to such a case; that one against whom a judgment had been obtained by another could not by such proceedings as these compel that other to litigate the whole matter over again contradictorily with other claimants, citing many authorities from other

jurisdictions, there being none in point in this state.

But the judgment was correct without the need of authorities to support it. Act No. 123 of 1922 was intended to protect one who *admittedly* owes a sum of money claimed by more than one person, and was intended to protect him against the danger of paying it more than once if he should pay the wrong party. This is made evident by section 6 of the act, which distinctly provides that the depositor shall not be liable for any costs in the proceedings save the costs of citing persons who assert no claim to the fund deposited; for it cannot be supposed that such depositor should not pay costs if he were himself asserting any claim to the fund.

But there was no such case as that before us. Plaintiff stoutly resisted from the beginning any claim against it whatsoever. The result was that there was a judgment rendered against it; and, since it had been rendered after all due process, it was, under the "full faith and credit" clause of the United States Constitution (article 4, § 1), just as executory in any other state of the Union as in Louisiana; so that Mrs. Brim might, but for the injunction issued below, have entirely ignored the deposit, taken her judgment to New York, the domicile of plaintiff, and executed it there, without paying the least attention to the deposit made down here. She was *not* a claimant for that fund; she was a judgment creditor of this plaintiff; and Act No. 123 of 1922 had nothing whatever to do with the case. And any attempt to make her confine her judgment to the fund deposited in court by this plaintiff finds no support either in the letter or in the intent of Act No. 123 of 1922.

## VI.

The only difference between Bertha Brim's Case and the Lyon Lumber Co. Case, which we are now considering, is that, at the time plaintiff made its deposit in the court below, Mrs. Brim's judgment had become final in this court; whereas, at the time the deposit was made, the Lyon Lumber Company judgment had not yet become final, but only became so afterwards.

That, however, makes no difference. There had been a judgment against the American Surety Company in the court below, though the *execution* of that judgment had been suspended by an appeal. But the condition on which the law allowed the American Surety Company to suspend that judgment, was that it should pay the judgment if affirmed on appeal and furnish a good and solvent surety who would do so in its stead.

As an appeal is not necessary to due process of law, a state may annex any condition it pleases to the granting of an appeal; and manifestly, if the law requires a surety be furnished to guarantee the payment of the judgment if affirmed, it is not intended as a mere idle formality. Therefore the proceedings in the court below should not and could not prevent the Lyon Lumber Company from proceeding to fix the liability of the surety to enable it to collect from that surety if for any reason the American Surety Company could not be made to pay.

In this case the Lyon Lumber Company, instead of applying for certiorari as Mrs. Brim did, has merely appealed from the judg-

ment perpetuating the injunction. But the point presented in both cases is the same.

Our conclusion is that the trial court erred in issuing the injunction in so far as this appellant is concerned.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the injunction issued by the court below be set aside and dissolved so far as it applies to the appellant herein, the Lyon Lumber Company.