161 So. 597

**VICTOR v. LEWIS et al.**

In re **VICTOR.**

No. 33339.

April 29, 1935.

O'Niell & O'Niell, of New Orleans, for relator.

P. M. Milner, of New Orleans, for respondents.

HIGGINS, Justice.

We granted remedial writs in this case to review the ruling of the trial court compelling relator, a judgment creditor, to assert his right in an interpleader proceeding, with other creditors of the defendant surety.

Relator obtained a judgment against a real estate broker and the defendant, as surety on his bond, in the sum of $1,334.26, representing installment payments on account of the purchase price of a certain piece of real estate, the costs of erecting a small dwelling thereon, and the taxes paid on the property. The broker did not appeal, but the defendant, as surety on his bond, appealed suspensively.

The Court of Appeal affirmed the finding of the district court as to the surety's liability and the correctness of the amounts allowed on the respective items claimed by relator totaling $1,334.26, but concluded that the surety was entitled to a credit equal to the value of the use of the land during the period in which the plaintiff remained in undisturbed possession thereof. The court pointed out that, as there was no evidence in the record upon which to base a finding as to the value of the occupancy, the case would have to be remanded to the district court "to permit proof on this subject." In its decree, the Court of Appeal reversed the judgment and ordered the case remanded to the district court "for further proceedings according to law and consistent with the views herein expressed." 157 So. .293, 297.

The Court of Appeal refused to grant the surety a rehearing, 158 So. 25, and this court denied its application for a writ of certiorari on the ground that the judgment of the Court of Appeal was correct. The Court of Appeal

returned the record to the district court, to have determined the value of the use of the property, in accordance with its decree. The matter was set for hearing on March 11, 1935.

After the record was returned to the district court, counsel for the surety company filed an interpleader suit in the district court entitled "Fidelity & Deposit Co. of Maryland v. John Victor, et al.," and alleged that the claims against it under the bond would exceed $10,000, the full amount of the bond, and deposited that sum in the registry of the court, praying that all claimants including relator be cited and made parties to the interpleader suit, and be ordered to present and prove their claims therein.

The surety company then brought a rule against relator to show cause why relator's suit should not be consolidated with the interpleader suit. The trial judge made the rule absolute on March 8, 1935, and relator applied to this court for writs, which were granted.

The jurisprudence of this state and the common-law states is well settled that a claimant who has been put to the test of a trial by a surety, and has established his claim, may not be impleaded later by the surety in an interpleader suit, and compelled to prove his claim again with other adverse claimants. American Surety Company of New York v. Brim, 175 La. 959, 144 So. 727; American Surety Company of New York v. Brim (In Re Lyon Lumber Company), 176 La. 867, 147 So. 18; Dugas v. N. Y. Casualty Co., 181 La. 322, 159 So. 572; 15 Ruling Case Law, 228; 33 Corpus Juris, 477; 4 Pomeroy's Equity Jurisprudence (4th Ed.) 3172; 2 Lawrence on Equity Jurisprudence, 1023; Royal Neighbors of America v. Lowary (D. C.) 46 F.(2d) 565; Brackett v. Graves, 30 App. Div. 162, 51 N. Y. S. 895; De Zouche v. Garrison, 140 Pa. 430, 21 A. 450, 451; Manufacturer's Finance Co. v. W. L. Jones Co., 141 Ga. 619, 81 S. E. 1033, and Hancock Mutual Life Ins. Co. v. Lawder, 22 R. I. 416, 48 A. 383.

There can be no doubt that relator's claim has been finally and definitely established, because that matter was passed upon by three courts in definitive judgments. The only remaining item is the value of the use of the land during the time that relator occupied it. The case was remanded solely and only for the purpose of determining the amount of that credit. In all other respects the judgment is final.

A similar argument was made in the case of American Surety Company of New York v. Brim (In re Lyon Lumber Co.), supra, to the effect that the judgment had not become final at the time the surety company made the deposit in the lower court and impleaded the claimant. In disposing of that contention, we said: "That, however, makes no difference."

It is our opinion that the trial court erroneously ordered the consolidation of the two cases and that relator was entitled to proceed in his own suit to have the mandate of the Court of Appeal carried out.

For the reasons assigned, the writs herein issued are perpetuated, the judgment of the district court ordering the two cases consolidated and relator to assert his claim in the interpleader suit is annulled, and the case remanded to the district court for further proceedings according to law and the decree of the Court of Appeal for the parish of Or-

leans; the defendant Fidelity & Deposit Company of Maryland to pay all costs in connection with the rule below and the writs in this court.

O'NIELL, C. J., recused.