JANVIER, Judge.
This is a suit by a furnisher of materials against a contracting corporation and its surety on a building contract and the owners of the property on which the work was done. The object of plaintiff is to enforce its lien and privilege which, by LSA-R.S. 9:4801, is granted to the furnisher of materials who properly and timely records a lien and privilege.
There is no dispute over the portion of the claim which represents the actual cost of the materials, $140.60, nor over the liability for the actual charge of the Recorder of Mortgages for the recording of the lien affidavit, $2.25.
However, when the lien had been recorded the furnisher of materials, now the plaintiff, demanded of the defendants also $15 which was said to be the notarial fee for preparing the lien affidavit, and, in that demand, erroneously stated that the recorder’s fee for recording the lien was $2.75, whereas in fact, as already stated, it was only $2.25.
It is the contention of defendants that the plaintiff is not entitled to recover the notarial charge and that, as conceded by plaintiff, there should be recovery for the fee of the recorder in the sum of $2.25 only. Defendants thus contend that the amount actually due was $140.60, the cost of materials, and $2.25, the fee of the recorder, and that, since it is conceded that an actual tender of $143.35 which was more than the actual amount due was made, there is no liability for an attorney’s fee which is also demanded.
There was judgment for plaintiff for the full amount claimed and for an attorney’s fee of ten per cent on the total amount. Defendants have appealed.
*816 The plaintiff, a furnisher of materials, George Kellett & Sons, Inc., brought the suit. The contractor, Schwartz Industries, Inc., though made a defendant, has been adjudicated a bankrupt and it is conceded that the suit as against that corporation was properly dismissed. The owners of the property, Sol Katz and Gus Levinson, and the contractor’s surety, The Employers’ Liability Assurance Corporation, Ltd., are the other defendants.
The important question which gave rise to the entire controversy is whether anyone entitled to a lien may include in the amount of the claim the charge of the notary who prepares the necessary affidavit and who, as notary, takes the oath of the affiant as to the correctness of the amount claimed.
The statute under which the claimant proceeds is LSA-R.S. 9:4801, which has been amended by Act 477 of 1954. In both it is provided that the furnisher of materials who finds it necessary to record a lien and privilege is entitled to recover the principal and interest due for the materials furnished and “the cost of recording such privilege.”
The question then is: Is a fee of a notary for preparing the affidavit within the contemplation of the term “the cost of recording such privilege?”
Counsel for plaintiff argue that, since an affidavit is necessary, it must have been contemplated by the Legislature that there would be a fee for the notary and that therefore this fee should be considered as a part of the cost of recording the privilege.
Counsel for defendants, on the other hand, maintain that if the Legislature intended that the notarial charge should be included in the amount which the claimant might recover, it would have so provided in unmistakable terms and that, since the amount which may be recovered is limited to the cost of “recording”, the fee of the notary who prepares the affidavit cannot be included.
It is also argued that, where more than the simple jurat of the notary is required and professional assistance is resorted to in the preparation of the affidavit, the charge should be considered as a legal one and that therefore the fee is really an attorney’s fee and under no circumstances should be considered as a part of the cost of “recording” the privilege.
All counsel concede that there is no jurisprudence on this particular question, and counsel for defendants maintain that the absence of jurisprudence indicates clearly that since, for many years, the privilege has been afforded to furnishers df materials, all attorneys have considered that such a fee is not recoverable under the statute in question. They say that if the Legislature intended that such a fee should be recovered, they would have used the words “all costs” instead of using the singular “cost” and would not have limited the recovery to the cost of “recording”. They also point out that plaintiff itself in its petition evidenced a recognition of the distinction between the cost of “recording” and the cost of preparing, for in paragraph eight of the petition it is alleged that the cost of “recording” is $2.75 and the cost of “preparation” is $15.
Believing that such statutes should be strictly construed since they are to some extent punitive by nature, we feel that this particular charge may not be included and made a part of the amount claimed as a result of the privilege.
There is still one other contention of defendants which, if sound, would prevent recovery by the plaintiff of the total amount sued for and that is the fact that in the total claim there was inadvertently included 50 cents as part of the fee of the recorder which should not have been included. Counsel say that even if the total amount of the cost of materials is due and there be added the $15 charged for the notary and the proper fee of the Recorder of Mortgages, $2.25, the total claim would amount to only $157.85, whereas the amount sued for is $158.35. It is argued that, as a result of this error, plaintiff under no cir *817 cumstances may recover the total amount sued for and therefore it is not entitled to an attorney’s fee which, under the statute, is provided where suit is necessary but only where “the full amount claimed in the demand is recovered”.
We find it unnecessary to reach a conclusion on this last contention for we believe that in any event the recovery of plaintiff is limited to the $140.60 claimed for materials and the $2.25 representing the cost of the recorder. Since more than this amount was tendered, plaintiff is not entitled to costs nor to an attorney’s fee.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by the reduction of the amount awarded to plaintiff to $142.85, with interest thereon from judicial demand, with recognition of plaintiff’s lien and privilege. In all other respects the judgment is affirmed, plaintiff to pay all costs.
Amended and affirmed.
McBRIDE, J., absent.