DOMENGEAUX, Judge.
These two suits were consolidated for trial and have remained so on appeal. In the Gulfco v. Malone suit, No. 3651 in this court, plaintiff petitioned for executory process under a promissory note secured by a real estate mortgage which had been executed by defendant Malone. Phillips Brothers, the other defendant therein sought an injunction to prevent the sheriff’s sale of the secured property. In the second suit herein, Michael Osborne v. Phillips Brothers, et al., bearing docket No. 3652, plaintiff Osborne sued to have his privilege and those of Phillips Brothers and Gulfco judicially ranked according to priority. (The alleged privileges are described hereinafter.)
In suit No. 3651, after hearing, the trial judge recalled and vacated the writ of seizure and sale which had been previously issued ex parte in favor of Gulfco, and issued a permanent injunction preventing the sheriff from proceeding with the sale of the property. In suit No. 3652, the trial judge rendered judgment ranking the privileges in the following order: Phillips Brothers first, Gulfco second and Osborne third. From these rulings Gulfco and Osborne have appealed.
All parties to these suits are in substantial agreement as to the facts. Chronologically, these are:
During the period from October 10, 1964 through June 5, 1965 Phillips Brothers delivered land fill and performed certain land filling operations on four lots of ground belonging to Joseph Malone. On October 26, 1964 Phillips Brothers as contractor, and Joseph Malone as owner of the property, entered into a written contract under which Phillips Brothers was to clear, fill and level the four lots. The contract contained provisions as to the work to be done and the price therefor and further provided that if Malone did not pay the price by the time the work was completed, he would at that time grant Phillips Brothers a first mortgage on three of the four lots. It does not appear from the record that Malone ever executed such an act of mortgage. On October 28, 1964 the contract was filed in the office of the Clerk of Court of St. Charles Parish, but for unknown reasons, it was recorded only in the conveyance records, and not in the mortgage records as it should have been. The error was subsequently discovered, and, on January 22, 1965, the contract was recorded in the mortgage records. On September 13, 1966 Malone borrowed the sum of $10,740.00 from Gulfco Finance Company of Marrero, Inc. In connection with the loan Malone executed a conventional mortgage and promissory note on the four lots which formed the subject of his aforementioned contract with Phillips Brothers. This mortgage was duly recorded in the mortgage records of St. Charles Parish on September 15, 1966. Gulfco failed to order a mortgage certificate prior to recording the said mortgage. On March 16, 1967, Michael Osborne obtained a money judgment against Malone for some $2,000.00, and the judgment was *271 duly registered in the mortgage records on the same day. On April 25, 1967, Phillips Brothers, suing upon their aforementioned contract with Malone obtained a money judgment against him in the sum of $20,600.00. The suit did not seek recognition of any lien, privilege or mortgage, and the judgment made no mention of same. The judgment was duly recorded in the mortgage records on the same day of its rendition. Phillips Brothers executed on their judgment, and caused the four lots in question to be seized, and bought the property at sheriff’s sale, said property being conveyed to them on December 27, 1967. On May 15, 1968 Gulfco filed a petition for executory process under the note and real estate mortgage which Malone had executed to them. On May 31, 1968 Phillips Brothers filed a petition to enjoin the sheriff from proceeding with the sale of the property since it was now in the name of Phillips Brothers. The trial court issued a temporary restraining order and set a hearing in rule. On August 23, 1968 Michael Osborne filed his suit to rank privileges. The suits were consolidated for trial and judgments rendered as said above.
The law applicable to these facts is found in LSA-R.S. 9:4801 and LSA-R.S. 9:4802. We readily conclude that Phillips Brothers dealt with Malone as a general contractor and therefore if they are to have a privilege at all it must come from LSA-R.S. 9:4801 and 4802. LSA-R.S. 9:4801 sets out the nature of the privilege enjoyed by general contractors, and LSA-R.S. 9:4802 specifies the manner in which the privilege is to be perfected. There is no question but that Phillips Brothers was within the class of those entitled to a privilege under LSA-R.S. 9:4801 but whether they properly perfected their privilege under the provisions of LSA-R.S. 9:4802 is the crux of the question before us. If the contract was properly recorded it created a privilege in favor of Phillips Brothers which would prime those of Gulf-co and Osborne.
Under Article 19, § 19 of the Louisiana Constitution no mortgage or privilege on immovable property or debt on which preference shall be granted by law shall affect third parties unless it is recorded or registered in the manner and time prescribed by law, except certain types which do not concern us here.[1] The privilege involved in this case is clearly within the constitutional provision. Whether there was sufficient compliance with the “manner and time” of recordation prescribed in LSA-R.S. 9:4802 would seem to be answered by the long line of jurisprudence holding LSA-R.S. 9:4801 et seq., to be stricti juris. Pringle Associated Mortgage Corporation v. Eanes, La.App., 208 So.2d 346; McGill Corporation v. Dolese Concrete Company, La.App., 201 So.2d 125; George Kellett & Sons, Inc. v. Schwartz Industries, Inc., La.App., 107 So.2d 815. When a statute is stricti juris, there must be strict compliance with its provisions to reap its benefits.
LSA-R.S. 9:4802 provides that the contract must be “ * * * recorded in the office of the clerk of court or the recorder of mortgages of the parish wherein said work is to be executed, before the date fixed on which the work is to commence and not more than thirty days after the date of the said contract.” (Emphasis added).
 The Louisiana Civil Code in Article 13 states that: “When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.” This article was applied to the words “and” and “or” in Lyon Lumber Co. v. Home Accident Ins. Co., 175 La. 476, 143 So. 379. The use of the word “and” in LSA-R.S. 9:4802 must therefore be held to mean that recordation both prior to the date on which work is to commence and within thirty *272 days of the date of the contract are required in order to have compliance with the statute. The contract between Phillips Brothers and Joseph Malone was not recorded in the mortgage records until January 22, 1965, some three months after its date. Mere recordation in the conveyance records "as was done on October 28, 1964, was insufficient compliance with the statute in view of the general proposition of law that all privileges affecting the property of another must be recorded in the mortgage records. LSA-C.C. art. 3348. Furthermore, Phillips Brothers did not enter into a written contract until 16 days after the commencement of work, hence they could not have recorded their contract prior to the date fixed for the beginning of said work. In view of the stricti juris nature of LSA-R.S. 9:4802 we conclude that Phillips Brothers, having failed to meet both requirements, i. e., that of recor-dation prior to the date fixed for the commencement of work and that of recordation within 30 days of the contract date, are precluded from asserting any privilege under R.S. 9:4801. Such being the case, they are primed by the privileges emanating from Gulfco’s mortgage and Osborne’s judgment.
From this it follows that the writ of seizure and sale in favor of Gulfco was properly issued and should not have been vacated, nor should the injunction preventing the sheriff from proceeding with the sale of the property have been issued.
The trial judge in ruling as he did was evidently attempting to reach the most equitable solution. Yet our jurisprudence is clear that statutes creating civil penalties and privileges may not be extended by implication or through considerations of equity. Pringle Associated Mortgage Corporation v. Eanes, supra; Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336.
For these reasons the judgment in proceeding No. 3561, entitled “Gulfco Finance Company of Marrero, Inc. v. Joseph Malone, et al.” is reversed and the trial court is ordered to reissue the writ of seizure and sale in favor of Gulfco Finance Company of Marrero, Inc., and to vacate the injunction preventing the Sheriff of St. Charles Parish and his successors in office from proceeding with the sale of the property involved herein.
The judgment in proceeding No. 3652, entitled “Michael Osborne v. Phillips Brothers et al.” is reversed and the privileges involved therein are ranked as follows: Gulfco Finance Company of Marrero, Inc., first; Michael Osborne, second; and Phillips Brothers, (by virture of their judgments of April 25, 1967) third. Costs of appeal in both cases to be assessed against Phillips Brothers.
Reversed.

. “ * * * except privileges for expenses of last illness, privileges arising upon the death of the owner of the property affected, and privileges for taxes, State, parish and municipal; * * * ”