MARVIN, Chief Judge.
From a judgment awarding a six percent ($16,140) commission on the sale of a convenience store and service station against the seller and the bank, who was the seller’s mortgagee, the realtor-plaintiff appeals, contending the trial court erred in denying its demand for attorney fees.
The sales agreement obligates the seller for reasonable attorney fees. In this respect, we amend and affirm the judgment.
FACTS
The listing agreement between the realtor and the seller, Munchies Food Store Partnership, did not provide for attorney fees. The sales agreement, signed later by the realtor, the seller, and the buyer, Albert Otto, did.
In addition to other creditors, Munchies owed City Bank $353,000, which was secured by its mortgage on the property. Because the seller had closed its business and was in financial straits, and to cancel the bank’s mortgage and avoid compliance with the Bulk Sales Law, Munchies, Otto and City Bank verbally agreed that the property would be conveyed to the bank by dation en paiement and the bank would sell the property to Otto for $6,000 less than the price of $275,000 that Otto had agreed to pay in the sales agreement. The realtor agreed to be paid its commission on the lesser price. These agreements, made after the sales agreement was executed, were verbal. No mention was made in the verbal agreements about the attorney fee provision in the sales contract.
About a month after the dation transfer to the bank, the bank sold the property to Otto.
Neither the bank nor Munchies appealed the judgment against them for the realtor’s commission.
We agree with the trial court’s finding that Munchies was liable for the commission under the listing agreement with the realtor, because the realtor located a buyer who bought the property, notwithstanding that the dation was “a vehicle used by the parties to avoid the Bulk Sales Act.”
The court found that City Bank was liable for the commission because it participated in and benefited from the
overall scheme used to get the property from the Munchies Partnership to Mr. Otto, while avoiding the Bulk Sales Act at the same time. City Bank made itself liable for the sales commission by [verbally] agreeing to allow [the commission] to be deducted from the sales proceeds being delivered by Otto to the sellers as part of the overall transaction. All of the parties relied on City Bank’s agreement, and it is unlikely the property would have been sold to Mr. Otto in the manner in which it was without the agreement of City Bank to pay the disbursements listed.
The listing agreement did not provide for attorney fees. The trial court reasoned that attorney fees could not be awarded against Munchies under the open account statute, LRS 9:2781, for failure to pay for professional services, because the realtor did not prove compliance with the statute.
The trial court did not discuss, and apparently was not urged to consider, the attorney fee provision in the sales agreement. With respect to City Bank, the court said it “does not believe La.R.S. 9:2781 was *1053 intended to provide attorney fees against City Bank under the facts of this case.”
The trial court denied the realtor’s motion for new trial, without reasons.
THE ARGUMENTS
The sales agreement refers to the realtor as Agent. Paragraph 10 in the sales agreement signed by Munchies, Otto and the realtor provides:
This Contract shall apply to, and be binding upon and enure to the benefit of Purchaser, Seller, Agent, and their respective heirs, successors, assigns, agents, representatives, executors, and/or administrators.... In the event Agent must retain an attorney at law to collect, enforce, defend, or obtain performance of any obligations and rights to which Agent is entitled herein, Agent shall be entitled to reasonable attorney’s fees and any other expenses, fees, costs, etc., related thereto_
Paragraph 11 states in part that the “Seller agrees to pay to Agent in full at the time this sale is closed and title passed, a sales commission in the amount of six (6) percent of the total sale price.”
The realtor argues that Munchies and City Bank are liable for attorney fees under the sales contract because Munchies was a party to the contract; the contract states that it is binding on the “successors” of Munchies; the contract was recorded when City Bank acquired the property from Munchies; and “the [trial] court held that City Bank and Trust should not be able to circumvent the contract between the original seller and the original purchaser by way of a Dation.” The realtor argues that City Bank “stood in the shoes of ... Munchies ... in order to complete the sale.”
City Bank argues that it is not liable for attorney fees because it was not a party to the sales contract and had no other contractual relationship with the realtor that would serve as a basis for an attorney fee award. City Bank did not verbally assume, in the dation or elsewhere, Munchies’ obligations to the realtor under either or both the listing agreement and the sales contract.
CLAIM AGAINST CITY BANK
The realtor does not, and cannot, claim that recordation of the sales contract created a lien or privilege against the property for payment of the realtor’s commission. See State v. Register of Conveyances, 94 So.2d 105 (La.App.1957). Instead, the realtor contends that recordation of the contract imposed personal liability on City Bank, as Munchies’ “successor” in title to the property, for attorney fees for failure to pay the commission. Even if Munchies owes attorney fees, the realtor’s demand to enforce that obligation against City Bank will not lie because we do not find that City Bank obligated itself to the realtor in that respect.
Recordation of a contract does not create rights or obligations, but simply notifies third parties of the rights and obligations that the contracting parties have created by their contract. Gulf South Bank & Trust Co. v. Demarest, 354 So.2d 695 (La.App. 4th Cir.1978); First Nat. Bank of Ruston v. Mercer, 448 So.2d 1369 (La.App. 2d Cir.1984).
City Bank was not a party to the sales contract and did not agree to assume Munchies’ obligations under that contract. Even if the obligations to pay the commission and attorney fees under the sales contract were enforceable against Munchies, recordation of the sales contract before City Bank took title to the property did not legally bind City Bank to those obligations, because City Bank did not consent to be bound by them. See and compare Ragusa v. Burns, 462 So.2d 658 (La.App. 1st Cir. 1984), writ denied, 464 So.2d 1375, and Ernest A. Carrere’s Sons v. Levy, 191 So. 747 (La.App.1939).
City Bank’s liability for the commission was founded on its oral agreement to be the “middleman” or agent in the restructured “sale” and to pay to the realtor a six percent commission out of the $269,000 it received from Otto. There is no evidence that City Bank agreed to pay attorney fees *1054 as part of this oral agreement. Absent statutory authorization or an express agreement, City Bank may not be cast for attorney fees, notwithstanding that it agreed to pay the commission. See and compare First Fed. Sav. v. American Bank & Trust, 461 So.2d 341 (La.App. 2d Cir.1984) and Bernard Lumber Co. v. Lake Forest Const., 572 So.2d 178 (La.App. 1st Cir.1990).
CLAIM AGAINST MUNCHIES
The respective obligations of the realtor to procure a buyer for the property and of Munchies to pay the realtor a commission of six percent of the sales price were established in the listing agreement. The sales contract reiterated the seller’s liability for a six percent commission “at the time this sale [by Munchies to Otto for $275,000] is closed and title passed,” adding the provision that the realtor “shall be entitled” to attorney fees in the event it had to retain an attorney to enforce any rights to which it was entitled under the sales agreement.
The sale contemplated by the sales agreement (Munchies to Otto for $275,000) did not take place. Nonetheless, the court found Munchies liable for the commission because the dation by Munchies to City Bank was “a vehicle used by the parties to avoid the Bulk Sales Act.” This finding is tantamount to finding that, notwithstanding the sales agreement for $275,000, Munchies and Otto thereafter agreed that the property would be sold to Otto for $269,000 and that the mortgagee-bank would receive the money for Munchies’ account and would pay the six percent commission on that amount to the realtor.
Under these circumstances, Munchies is obligated for attorney fees as provided in the sales agreement because the realtor made demand for its commission and was thereafter required to hire an attorney to institute the action to enforce the obligation of Munchies to pay the six percent commission. Century 21 Gateway Realty v. Pard, Inc., 490 So.2d 753 (La.App. 3d Cir.1986).
AMOUNT OF ATTORNEY FEE AWARD
In support of the claim for attorney fees, the realtor introduced the affidavit of its attorney of record, with detailed billing statements attached, itemizing the respective hours worked and hourly rates charged by that attorney, a partner in the firm, and by an associate attorney with the firm, both of whom participated in the trial, which lasted a full day.
The associate’s time, 105 hours through the day of trial, was billed at an hourly rate of $75, for a total of about $7,900. The partner’s time, 35 hours through the day before trial, was billed at hourly rates ranging from $100-125, for a total of about $3,350. The itemized charges for the partner’s time did not include the eight hours of trial time, at $125 per hour, totaling $1,000, which the realtor seeks in addition to the itemized charges, for a total of about $12,250 for representation before and during trial. The realtor also seeks, but does not itemize, an additional amount for the fees incurred on the motion for new trial and the appeal.
Considering the unusual nature of the transaction on which the commission was claimed and awarded, which raised factual and legal issues not ordinarily arising in actions to recover a commission, the detailed billing records, and the record and briefs on appeal, we find that $10,000 is a reasonable attorney fee for representation here and below. We shall amend the trial court’s judgment to award $10,000 to the realtor, against Munchies and its partners, as an attorney fee.
DECREE
The judgment is amended to award $10,-000 to Coldwell Banker J. Wesley Dowling and Associates, Inc., as a reasonable attorney fee, against Munchies Food Store Partnership and its defendant-partners, Tyrus R. Sibley and James E. Davis, who are each cast for their respective virile share of the partnership debt. Costs of the appeal are assessed to Munchies and its partners.
As amended, the judgment is affirmed.
*1055 APPLICATION FOR REHEARING
Before MARVIN, NORRIS, LINDSAY, HIGHTOWER and BROWN, JJ.
Rehearing denied.