634 So.2d 959 (1994)
COLDWELL BANKER J. WESLEY DOWLING AND ASSOCIATES, INC., Plaintiff,
v.
CITY BANK AND TRUST OF SHREVEPORT, et al., Defendants.
No. 25684-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*960 Mills, Timmons & Flowers by George H. Mills, Jr., Shreveport, for plaintiff, Coldwell Banker.
William E. Byram, Shreveport, for defendant-appellee, City Bank.
Wilkinson, Carmody, Gilliam & Hussey by Mark E. Gilliam, Shreveport, for defendant-appellant, Munchies Food Store and defendant, Tyrus Sibley.
Sutton & Sutton by Bobby D. Sutton, Shreveport, for defendant, James E. Davis.
Before NORRIS, HIGHTOWER and PRICE (ad hoc), JJ.
HIGHTOWER, Judge.
In proceedings to execute a judgment granting recovery of a real estate commission, one defendant appeals the district court's refusal to order another defendant to pay the attorney's fees previously awarded. For the reasons hereinafter expressed, we affirm.

Facts and Procedural History
Desiring to sell a convenience store located in Shreveport, Munchies Food Store Partnership ("Munchies") enlisted the services of a realtor, Coldwell Banker J. Wesley Dowling and Associates, Inc. ("Coldwell"), in early 1988. Coldwell subsequently found a buyer, but financial complications associated with the Bulk Sales Law prevented the transaction from occurring as planned. As holder of a mortgage on the property, City Bank and Trust of Shreveport ("City Bank") then agreed to an arrangement by which the partnership executed a dation en paiement in favor of the bank, before an eventual sale to the originally intended buyer.
When, despite consummation of the transaction, Coldwell could not collect the real estate commission, that concern instituted suit against Munchies, its individual partners, and City Bank. Ultimately, the trial judge concluded that the defendants had obligated themselves to pay the sum of $16,140 in such compensationthe partnership through the sales contract, and the bank through the oral agreement. Additionally, on a third party demand, the lower court allowed Munchies and its partners to recover from City Bank "for the same sums for which they are cast hereinabove in the main demand." On an initial appeal by the realtor, this court concluded that the partnership, but not the bank, also owed Coldwell $10,000 for expended attorney's fees, pursuant to the sales agreement. *961 See Coldwell Banker v. City Bank & Trust, 602 So.2d 1051 (La.App. 2d Cir.1992).
After the judgment became final, Coldwell and Munchies filed a rule demanding that City Bank show cause why a writ of fieri facias should not issue ordering the seizure of bank assets to satisfy the unpaid portion of the awards. Interpreting the previous appellate decision to preclude any payment of attorney's fees by the bank, the district judge ordered execution upon the properties of that institution only to the extent necessary to satisfy the realtor's commission.[1] Contending that the original trial court decree allows recovery against City Bank for any amount which the partnership is required to pay, Munchies and one of its partners now appeal.

Discussion
In answer to the realtor's original petition, Munchies denied owing the claimed commission. It also, in a third party demand, alleged that the bank should be liable to the partnership in the amount of any real estate commission awarded against Munchies. As indicated above, the trial court rejected Coldwell's claim for attorney fees but awarded, against both defendants, the agreed-upon recompense for selling the store. Only the realtor subsequently appealed.
In our initial examination of the case, we determined that Coldwell could collect its litigation expenses from the partnership, but not from the bank:
There is no evidence that City Bank agreed to pay attorney fees as part of this oral agreement. Absent statutory authorization or an express agreement, City Bank may not be cast for attorney fees, notwithstanding that it agreed to pay the commission. [Citations omitted.]
Coldwell Banker, supra, at 1053-54. Thereafter, this court denied a rehearing application in which the partnership asserted then, as it does now, that City Bank should be liable for the $10,000 award in attorney's fees. Of course, in the absence of a timely application for supervisory writs to the supreme court, a judgment of the court of appeal becomes final. LSA-C.C.P. Art. 2166.
Under the "law of the case" doctrine, upon a second appeal, an appellate court will not reconsider its earlier ruling in the same case. That policy applies against those parties involved in the litigation at the time of the prior decision, and who thus have had their day in court. Clomon v. Monroe City School Bd., 557 So.2d 1100 (La.App. 2d Cir.1990), affirmed, 572 So.2d 571 (La.1990); Burns v. Sabine River Authority, 614 So.2d 1337 (La.App. 3d Cir.1993), writ denied, 617 So.2d 935 (La.1993). Reasons behind the precept include: avoiding indefinite relitigation of the same issue; obtaining consistent results in the same case; fairness to the involved parties; and affording one opportunity for argument and decision on the issue. Burns, supra.[2]

Conclusion
Accordingly, having previously determined that City Bank is not liable for the attorney's fees which Coldwell incurred in collecting its real estate commission, we affirm the district court judgment at appellant's costs.
AFFIRMED.
NOTES
[1] Appellant's brief indicates that City Bank later paid the $16,140 sum, but not the remaining $10,000.
[2] Of course, a different situation exists when an earlier ruling involves the denial of a writ of review. There, inasmuch as the appellate court has merely declined to exercise its extraordinary powers of supervisory jurisdiction, reconsideration of an issue is not barred in an appeal from the final judgment. Goodwin v. Goodwin, 607 So.2d 8 (La.App. 2d Cir.1992), and authorities therein.